Filed March 29, 1894.

---

No. 800.

## The Hasselman Printing Company *v.* Fry.

**Judgment.**— *Reversal.*— *Verdict Correct on the Evidence.*—*Appellate Court Practice.*—Where the verdict is correct on the evidence, the judgment will not be reversed upon an erroneous instruction.

From the Marion Superior Court.

*A. C. Harris*, for appellant.

*H. Taylor* and *E. R. Keith*, for appellee.

Davis, C. J.—Judge Walker, on trial in the court below, instructed the jury as follows:

"First. Under the law and the evidence in this case,

I will direct you to find a verdict for the plaintiff to the amount of his claim, to wit, $165.50.

"Second. I do not say anything about the morality or the propriety of his leaving, or whether the plaintiff staid as long as he agreed to or not, but the evidence of Mr. Hasselman is that his alleged agreement was made in June, and it was not to begin until September 19th, and was to continue for one year from said September 19th, and by a verbal arrangement merely. That kind of an agreement, if made, would not be valid in law, unless it was in writing, and there could be no enforcement of that kind of a contract against the plaintiff in this case.

"Third. In addition to that, I do not think any damage has been shown resulting to the defendant in consequence of the plaintiff violating that contract, if there was any such contract. The defendant does not claim any increase of expenses to it on account of the plaintiff leaving, that it lost any work or job-work of any kind, but that the work was done with the same force it had when the plaintiff was with it. But assuming that the contract was made, it was not such a contract as could be enforced, because it was not to be performed within a year. I therefore instruct you to find a verdict for the plaintiff for $165."

The only error assigned is that "The Marion Superior Court, in general term, erred in affirming the action of said court in special term."

The errors assigned in general term were that the amended complaint did not state a good cause of action, and that the court erred in overruling appellant's motion for a new trial.

The complaint was in several paragraphs. There was no demurrer or motion in arrest. It is admitted that one paragraph of the complaint states facts sufficient to constitute a good cause of action, and if it was conceded, as

contended, that a reference to the evidence discloses that the verdict was based on the other paragraphs, yet, if the question sought to be raised was presented by the record, the alleged defects are such as were cured by the verdict.

In any view of the case, it clearly appears that sufficient facts are stated in the paragraphs against which objections are urged, to bar another suit for the same cause of action. *Duffy* v. *Carman*, 3 Ind. App. 207.

Counsel for appellant states the main question presented by the record as follows: ''Is it possible for a plaintiff, who has broken a contract, to recover money due upon that contract, and the defendant not be permitted to counterclaim his damages because the contract is unenforcible by operation of the statute of frauds?''

Should we adopt the views of the learned counsel in his able argument on this proposition, the judgment should nevertheless be affirmed. It is conceded, in evidence, that when appellee quit the service of appellant there was $165 due him for services previously rendered, and on a careful reading of the record, we have failed to find any evidence fairly tending to support appellant's counterclaim for damages on account of alleged breach of contract for future services.

The court was fully justified in giving the first instruction, and also that part of the third instruction in relation to the counterclaim for damages. *Kavanaugh* v. *Taylor*, 2 Ind. App. 502; *Wabash R. W. Co.* v. *Williamson*, 104 Ind. 154; *Hall* v. *Durham*, 109 Ind. 434.

If there was any error in the instructions in reference to the contract, and no damages could be recovered for the breach thereof, we could not reverse the judgment of the trial court on that ground, because it clearly appears, without controversy, that appellee was entitled to $165 for his services at the time he quit, and that no

damages were sustained by appellant on account of the alleged breach of the contract by him.    *Perry* v. *Makemson*, 103 Ind. 300.

Where, as in this case, the verdict is correct on the evidence, the judgment will not be reversed upon an erroneous instruction.    *Swaim* v. *Swaim*, 134 Ind. 596.

Whether any of the instructions are erroneous, we have not considered or decided, for the reason, as before stated, that we are of the opinion, after carefully reading the record, that the merits of the cause have been fairly tried and determined.    Section 658, R. S. 1881.

Judgment affirmed, at appellant's cost.

Filed Dec. 19, 1893.

## On Petition for a Rehearing.

Davis, C. J.—The learned counsel for appellant' has filed an earnest petition for a rehearing.    It is not based so much on what we said in the original opinion as it is on what we failed to decide.    In the view we take of the case, it is not necessary, in our opinion, to pass upon the principal legal questions so ably discussed.

If it was conceded that a contract was entered into between the parties in June, 1891, for the ensuing year beginning September 19, 1891, and that such agreement was enforcible, and that appellee, in violation of this agreement, left the service of appellant on the 7th of October, 1891, and if the instructions of the court were in any respect erroneous, we fail to see on what theory the judgment of the court below should be reversed.

In the first place, appellee testified that when he spoke to Mr. Hasselman relative to leaving, "Mr. Hasselman then said to him (plaintiff) that he did not want him (Fry) in the employ of the Hasselman Printing Co. any longer, and would not have him under any consideration."

Mr. Hasselman afterwards testified as a witness in behalf of appellant, and we fail to find in the report of his evidence any contradiction of the above statement.   He said:   "I saw him every day clear up until a few days before the day (the date of which I do not now remember) that he notified me he was going to quit," but he does not intimate that he said anything to appellee indicating that they desired him to remain.

In this connection, we quote the following from the record:   "That the said defendant, during the year 1891, began to fall behind in the payment of the plaintiff's weekly wages until there was due and owing to the plaintiff, from said defendant, the sum of one hundred and sixty-five dollars and fifty cents ($165.50), for which credit slips or due bills were given by said defendant to the plaintiff, at the times and on the dates following:

"July 1, 1890 ................. $25 00
"June 3, 1891 ................. 67 00
"July 3, 1891 ................. 5 00
"July 11, 1891 ................ 9 00
"July 18, 1891 ................ 10 00
"July 25, 1891 ................ 10 00
"August 1, 1891 .............. 5 00
"August 29, 1891 ............. 15 00
"September 26, 1891 .......... 7 00
"October 8, 1891 ............. 12 50"

Appellant's bookkeeper testified:   "These amounts were not paid on the dates mentioned because we did not have the money to pay them," but that the several amounts were so withheld with the consent of appellee, because he desired, in this manner, to save and accumulate his earnings.

Mr. Hasselman testified:   "We owe Mr. Fry the

$165.50, as he claims; that is for money due on his weekly wages held back by us as he has stated."

The only basis we have been able to find for any claim for damages, grows out of the following statement in the evidence of Mr. Hasselman: "Regarding an estimate of the damages for Mr. Fry's failure to remain with us for the year beginning September 19, 1891, and ending September 19, 1892, the only definite facts I can give are these: That although I have tried in every possible way known to myself to secure another man of like capacity with Mr. Fry, and from that time to this I have utterly failed."

We do not find any evidence in the record tending to prove that appellant incurred any increase of expenses on account of appellee leaving, or that it lost any work or job-work of any kind. In fact, appellee testified that when he left "there was but one piece of work in the engraving department of the defendant company, that was ready for work and that remained uncompleted," and that another employe of the defendant was working thereon.

It is not claimed that appellant was not able to secure other workmen of sufficient capacity to do the work, without extra expense or other loss.

Without further discussion, it will suffice to say that if the $165.50 was owing for services rendered prior to the beginning of the new contract, on the 19th of September, 1891, and if appellant sustained no damages on account of the subsequent breach of that contract in October, by appellee, appellant has not been injured.

It is not necessary, therefore, in this view of the case, to determine what the rights of the parties would have been on this appeal if it appeared that the recovery against appellant had been for work done under that

contract, or if it appeared that appellant had sustained any damages on account of the breach of that contract.

A careful reëxamination of the record, in the light of the argument of counsel, confirms us in the conclusion that the result reached in the original opinion is correct.

The petition for a rehearing is overruled.

