The Citizens' Street Railroad Company of Indianapolis v. Stoddard.

Filed June 19, 1894.

———————◆———————

No. 1,118.

The Citizens' Street Railroad Company of Indianapolis v. Stoddard.

Pleading.—*Complaint.—Objection to After Verdict.—Defects Cured.*— A complaint which states facts sufficient to bar another action for the same cause will be held sufficient to sustain a judgment where it is questioned after verdict, for the first time, as all intendments are then taken in favor of the pleading, and defects which might be supplied by proof will be deemed cured.

The Citizens' Street Railroad Company of Indianapolis *v*. Stoddard.

NEGLIGENCE.—*Injury of Child Five Years Old.—Parent's Negligence.— Proximate Cause.—Complaint.*—Where a complaint alleges the negligent running down and killing of the plaintiff's five year old child by the defendant's horse car, while the child was attempting to cross the street upon a necessary errand for its sick mother, and further alleges that the child, although of bright mind, strong constitution and robust health, was too young to be rightly capable of appreciating danger, or to have proper caution and discretion, and negatives contributory negligence, it can not be adjudged as matter of law, where the complaint is questioned after verdict for the first time, that the act of the mother in sending the child upon the errand was a contributing, proximate cause of its death.

SAME.—*Child of Five Years Non Sui Juris.*—A child five years of age is *non sui juris*, and incapable of contributory negligence, but chargeable with the negligence of his parents.

SAME.—*Parental Care.—Matters Which May Be Considered.*—In such case, upon the trial, it was proper to show the physical condition of the mother in connection with her act and instructions in sending the child upon the errand, and also the age, habits, character, experience and capacity of the child, as bearing upon the question of care upon the part of the parent.

SAME.—*Evidence.—Res Gestæ.*—Declarations of the child, made ten minutes after the injury, in conversation with a physician, in an ambulance on the way to the hospital, that he was crossing the street to buy oranges for his mother when the street car mules knocked him down, were incompetent, not being part of the *res gestæ*.

PRACTICE.—*Motion to Instruct for Defendant.—Subsequent Introduction of Evidence by Defendant.—Effect of.—Previous Exceptions.*—Where, upon conclusion of the evidence for the plaintiff, the defendant moves for an instruction to the jury to return a verdict for the defendant, which motion is overruled and an exception taken by the defendant, the subsequent introduction of evidence by the latter, under leave of court, operates as a withdrawal of the motion and the exception reserved to the ruling thereon, and restores to the defendant the right to question, on appeal, the correctness of rulings made in relation to the introduction of evidence by the plaintiff, as to which exception had been reserved in due course.

From the Marion Superior Court.

*H. C. Allen, W. H. Latta* and *A. L. Mason*, for appellant.

*W. J. Beckett* and *W. S. Doan*, for appellee.

The Citizens' Street Railroad Company of Indianapolis *v*. Stoddard.

DAVIS, J.—The appellee brought this action against appellant and recovered damages in the court below for the death of his minor child, who was run over by one of appellant's street cars, and from the effects of the injuries thus received he died within a few hours after the accident.

The only questions presented for our consideration relate to the rulings of the trial court in overruling appellant's motion in arrest of judgment, and for a new trial.

It is alleged in the complaint that the mother of the boy was sick and confined to her bed, and that her necessities compelled her to send him on an errand across the street, along which appellant operated a street railroad, and that the cars on said line were drawn and propelled by mule power.

It is insisted by counsel for appellant that the complaint is bad for the reason that it does not show want of contributory negligence. It is conceded that the general averment on that subject is controlling unless it clearly and affirmatively appears from the other facts alleged in the complaint that negligence on the part of the mother of the child contributed to the injuries sustained by the child. *Evansville, etc., R. R. Co.* v. *Athon*, 6 Ind. App. 295. The contention, however, is that the court must say, as a matter of law, from the specific averments of the facts in the complaint, that the street was a place of danger, and that the mother of the boy was in fault, under the circumstances, in sending him across the street. In other words, that such act on her part constitutes contributory negligence, which bars a recovery in this action.

The rule is well settled in this State that if the complaint contains a statement of the facts sufficient to constitute a substantial cause of action, and bars another suit for the same cause of action, all intendments are taken

in favor of the pleading, and its defects, if any, such as might be supplied by proof, are cured by the verdict, and it will be treated as sufficient, on motion in arrest, or when called in question for the first time by assignment of error in this court, to uphold the judgment. Section 341, R. S. 1894; *Ohio, etc., R. W. Co.* v. *Smith*, 5 Ind. App. 560; *Duffy* v. *Carman*, 3 Ind. App. 207; *Hasselman, etc., Co.* v. *Fry*, 9 Ind. App. 393; *Colchen* v. *Ninde*, 120 Ind. 88; *Old* v. *Mohler*, 122 Ind. 594.

Indulging the most liberal intendment, as we are required to do, under the authorities, we proceed to the consideration of the question whether the complaint, after verdict, is subject to the objections urged against it by counsel.

In this connection, and in order to give practical effect to the rule above mentioned, it should be borne in mind that all the allegations should be construed together; that each separate and independent averment must be considered with reference to the other facts stated. When a complaint is attacked by demurrer, it is construed most strongly against the pleader, but this rule does not prevail when the attack is made for the first time by motion in arrest or by assignment of error in this court calling in question its sufficiency. *Indianapolis, etc., R. R. Co.* v. *Petty*, 30 Ind. 261.

It appears from the allegations in the complaint that while the child, a boy five years of age, was crossing the street in full sight of the servant operating the car, the defendant negligently, carelessly and wrongfully drove its mules and car onto and over the boy.

There is no charge of willful negligence, but the complaint does charge the act which resulted in the injury as having been carelessly and negligently done, without alleging the specific acts constituting the negligence. *Ohio, etc., R. W. Co.* v. *Craycraft*, 5 Ind. App. 335.

It is charged in this connection that the boy was of bright mind and intelligence, of strong, robust health and physical constitution, and that he was too young to be capable of rightly appreciating danger, or to have proper caution and discretion. These averments, under the decisions in this State, show that the child was *non sui juris*, and therefore chargeable with the negligence of his parents. *Terre Haute Street R. W. Co.* v. *Tappenbeck*, 9 Ind. App. 422, and authorities there cited. *Pittsburgh, etc., R. W. Co.* v. *Vining's Admr.*, 27 Ind. 513; *Indianapolis, etc., R. W. Co.* v. *Pitzer*, 109 Ind. 179.

Ordinarily the question of contributory negligence in such cases is one of fact for the jury. *Huerzeler* v. *Central, etc., R. Co.*, 20 N. Y. Supp. 676; S. C. 34 N. E. Rep. 1101; *Kentucky, etc., Bridge Co.* v. *McKinney*, 9 Ind. App. 213.

This rule does not apply in the case under consideration if the only inference that can be drawn from the facts stated in the complaint is that the mother was guilty of contributory negligence. *Cincinnati, etc., R. W. Co.* v. *Grames*, 8 Ind. App. 112.

The question is whether it clearly and affirmatively appears on the facts alleged, under all the circumstances, taking into consideration the age, intelligence and capacity of the boy, as disclosed by the averments in the complaint; that the mother was in fault in sending him across the street, and that such act on her part contributed as a proximate cause to his injuries. Cases which impute negligence to parents who permit children of tender years to wander unattended in the vicinity of and upon railroad tracks are not controlling here unless the danger encountered by the boy was such as should have been reasonably apprehended by a prudent person in the exercise of ordinary care. *City of Indianapolis* v. *Emmelman*, 108 Ind. 530; Elliott's Roads and Streets, pp. 589, 590.

The Citizens' Street Railroad Company of Indianapolis *v.* Stoddard.

It is a matter of common knowledge that street cars, drawn by mules, are confined by the track to a particular locality of the street, and that such cars are provided with brakes with which the driver can readily stop the car. The public who have the right to use the streets may presume that the mules and car are in charge of a competent driver, whose business it is to look ahead and see that no person or obstruction comes upon the track.

The complaint does not disclose any facts or circumstances indicating that this street was a dangerous place, unless such inference necessarily arises from the fact that street cars, drawn by mules, were operated on the track. The character and extent of travel on this street is not shown. Nor does it appear how frequently street cars passed over said track at this point.

It may be conceded that the mother fully understood the situation, and that she had knowledge of any danger which can be inferred to have existed as the result of the operation of the street car line in the due and ordinary course of business.

In the first place, it should be remembered the law, as a general proposition, is well settled that "Streets are open to persons of all ages, and children are and must be permitted to some extent at least, to go upon the streets of towns and cities, without incurring the imputation of negligence upon themselves or their parents." *City of Indianapolis* v. *Emmelman, supra.*

The appellant was bound to take notice of the fact that children were likely to be on the street, and it was required to use greater care to avoid injury to them than with older persons who had reached the age of discretion. *Penso* v. *McCormick,* 125 Ind. 116.

In Elliott on Roads and Streets, the authors say: "It is the duty of a street railway company to run its cars with a due regard to the rights of infirm persons, aged

persons and children of tender years, for all classes of citizens have a right to freely use the public streets, and as this is the duty of the company, it is liable if it does not use due care to prevent injury to various classes of persons that may lawfully use the streets." Page 590; *Muncie St. R. W. Co.* v. *Maynard,* 5 Ind. App. 372.

It is true the boy is alleged to have been too young to be capable of rightfully appreciating danger, or to have proper caution and discretion, but in view of the further averment, in this connection, that he was of bright mind and intelligence, and of strong robust health and physical condition, it can not be said, in considering the motion in arrest, that he is shown to have had less capacity than is usually possessed by boys of his age. It has been held, in several cases in this State, as a matter of law, that children ranging from two years to seven years and two months are *non sui juris,* and, therefore, the averments in the complaint, in relation to the capacity of the boy, when construed together, do not change the legal presumption which would prevail in the absence of such averment. *Terre Haute Street R. W. Co.* v. *Tappenbeck, supra,* and authorities there cited.

Children who are six years of age, incapable of rightly appreciating danger, and without proper caution and discretion, have the right, although they may not be in strong robust health and physical condition, to use the streets in going to and returning from school. It can not be declared, as a matter of law, that parents are in all cases guilty of negligence in sending them to school, even if they are required to travel on and across streets in which street car lines are operated. *Cleveland, etc., R. W. Co.* v. *Keely,* 37 N. E. Rep. 406.

As to the degree of care required of the children, they must be judged according to their age and capacity. *Indianapolis, etc., R. W. Co.* v. *Pitzer, supra.*

It may well be doubted whether the decisions referred to should be construed as holding that all children seven years of age are, under all circumstances, *non sui juris.* Ordinarily, the question is one of capacity, and, usually, it should be left to the jury to determine the measure of care required of the particular child under the circumstances of the case. Section 117, Beach on Contributory Neg.; *Terre Haute Street R. W. Co.* v. *Tappenbeck, supra.*

It does not necessarily follow, however, because a child, whether five, six or seven years of age, is held, as a matter of law, incapable of negligence, that parents are negligent *per se*, under any and all circumstances, in sending them into or across a street on which such street car line is operated, on such juvenile errands as they are accustomed to perform.

In our opinion, the mother was not required to anticipate that appellant would negligently and carelessly run over her boy. In the language of Judge BLACK: "One need not relinquish his valuable legal right in anticipation of an unlawful violation of it." *Noblesville Gas and Improvement Co.* v. *Teter*, 1 Ind. App. 322.

It would, in our opinion, be unreasonable to hold, as a proposition of law, that the boy was incapable of such juvenile service as that required of him by his sick mother. *McMahon* v. *Northern Central R. W. Co.*, 39 Md. 438.

There is another principle which may be considered in this connection, although we do not base our opinion on that ground, and that is, where the defendant is aware of the danger in time to avoid the injury by reasonable diligence, the want of such diligence on the part of the defendant is held to be alone the proximate cause of the injury. *Evansville, etc., R. R. Co.,* v. *Hiatt*, 17 Ind. 102; *Evans* v. *Adams Ex. Co.,* 122 Ind. 362 (367); *Indiana Stone Co.* v. *Stewart*, 7 Ind. App. 563.

The principle which underlies these authorities does, it seems to us, sustain the proposition that if the boy was crossing the street on a necessary errand for his sick mother, pursuant to her request, this fact alone would not, after verdict, authorize the court to sustain a motion in arrest of judgment, in the face of the admission (and all reasonable inferences and intendments which might be drawn therefrom), that the boy was in full sight of the driver and that he negligently and wrongfully drove the mules and car against, onto and over the boy. It is not a question whether her act in sending the boy across the street contributed to the injuries the boy received, but the question we have been considering is, whether she is shown to have been in fault in so doing. In other words, can the court adjudge, as a matter of law from the facts disclosed in the complaint, that the mother, on this occasion, was guilty of negligence which contributed to the injury, or is the question whether she exercised ordinary care one of fact, under all the circumstances of the case, for the jury?

Our conclusion is, that the court can not, under the facts and circumstances disclosed in the complaint, and in the light of the authorities supporting the proposition herein enunciated, declare, as a matter of law, that the sick mother was in fault in sending her boy across the street on a necessary errand, and that such act contributed, as a proximate cause, to the injuries sustained by him.    *Huerzeler* v. *Central, etc., R. Co., supra; Atchison, etc., R. W. Co.* v. *Calvert,* 34 Pac. Rep. 978; *Wiswell* v. *Doyle,* 35 N. E. Rep. 107.

This question was for the jury to determine under all the facts and circumstances of the case.

In support of the motion for a new trial counsel urge:

1. That the court erred in admitting testimony as to

the health of the mother of the child at the time of the accident.

2. That the court erred in allowing the witness Lewis Haag to testify that he was acquainted with the boy and that he was not in the habit of playing on the street.

3. That the court erred in permitting Doctor Castor to testify to the statement of the boy made in the ambulance, on the way to the hospital, within ten minutes after the accident, that he was crossing the street to buy some oranges for his mother when the street car mules knocked him down.

It is insisted, by counsel for appellee, that it was proper to show the circumstances connected with the transaction and the condition of his household at the time. *Mayhew* v. *Burns*, 103 Ind. 328 (340).

Also, that if the testimony of the witness Haag was not material the appellant was not injured thereby. And, also, that the declarations of the boy were competent as a part of the *res gestæ*. *Louisville, etc., R. R. Co.* v. *Berry*, 2 Ind. App. 427.

Counsel for appellee also contend that all the objections to the admission of evidence were waived by appellant on the trial, and that they can not be relied upon as grounds for reversal in this court.

At the close of appellee's evidence the record discloses the following:

"Mr. Allen (counsel for appellant): May the court please, I now move that the court instruct the jury to find a verdict for the defendant in this case, for the reason that there is no evidence showing any negligence on the part of the defendant, and for the further reason that the evidence discloses the fact that the boy himself was guilty of negligence, and also discloses the fact that he was of sufficient age to understand the peril and danger and to exercise caution; and for the further rea-

son that if he was not of such an age, the evidence shows that the parents were guilty of negligence, and that the mother, who had the custody of the child at the time, was guilty of negligence, and, therefore, there can be no evidence in this case that will sustain a verdict at all, unless the defendant should manage to make out a case for the plaintiff. The court overruled the motion, to which ruling the defendant, at the time, excepted.

"No permission being asked by the defendant to withdraw its motion to instruct the jury, and none being granted by the court, the plaintiff objected to the defendant introducing any evidence. The court overruled the objection and the plaintiff excepted."

The appellant then, over such objection and exception, introduced evidence tending to controvert appellee's theory of the case.

The evidence in behalf of the appellee fairly and reasonably tended to prove that the mother of the boy was sick; that her husband was then absent in Ohio; that there was no one with her except the boy and her mother, who was sixty-two years of age and in poor health; that the boy was five years and four months of age, and that he was bright, healthy, robust and active; that on this occasion she sent him across the street to get some oranges for her, instructing him to be careful and not get hurt; that she frequently sent him on errands, and that he understood, as well at least as careful and intelligent boys of his age, in such locality, usually do, any danger likely to be encountered in the street on account of street cars; that he walked rapidly diagonally across the street from his home towards the grocery, and attempted to cross the street railway in front of the mules drawing the approaching street car thereon; that there was no vehicle or obstruction on the street in the vicinity at that time to prevent the driver in charge of the car

and the mules, from seeing the boy; that the driver could easily and readily have seen the boy in time to have avoided the accident if he had been exercising ordinary watchfulness and care; that the driver in charge of the car was driving the mules in a trot with loose or slack lines, and that he made no effort to check or stop the mules or car when the collision occurred between the mules and the boy, and that the boy was knocked down by the mules; that it was eighteen feet from the head of the mules to the wheel of the car which ran over the boy; that within this distance the driver could, with proper effort, have stopped the car.

In behalf of appellant, some evidence was introduced tending to prove that the boy suddenly and unexpectedly jumped off a passing sprinkling cart and fell on his hands and knees behind the mules and rolled under the street car.

It is well settled that a demurrer by the defendant to the evidence offered by the plaintiff is a waiver of all objections which have been reserved to the competency of the evidence. It admits all facts of which there is any evidence, and all inferences which can be logically and reasonably drawn from the evidence. If the demurrer is overruled, the defendant can not, in such case, over the objections of the plaintiff, offer evidence to contradict what he has deliberately admitted by his demurrer. Sections 686, 689, Elliott's App. Proced.; *Willcuts* v. *Northwestern Mut. Life Ins. Co.*, 81 Ind. 300; *Palmer* v. *Chicago, etc., R. R. Co.*, 112 Ind. 250; *Miller* v. *Porter*, 71 Ind. 521; *Radcliff* v. *Radford*, 96 Ind. 482; *Stockwell* v. *State, ex rel.*, 101 Ind. 1.

It is earnestly insisted, by counsel for appellee, that the same principles apply, in all respects, where the defendant, at the close of the plaintiff's evidence, moves

the court to instruct the jury to return a verdict in his favor. Section 687, Elliott's App. Proced.; *Nuzum* v. *Pittsburgh, etc., R. W. Co.*, 4 S. E. Rep. 242.

Their contention is that the authorities support the propositions that if a defendant, upon the close of the plaintiff's evidence, moves the court to direct a verdict in his favor, he must stand upon his motion; that the motion for such an instruction is asking the court to determine the case, thus withdrawing it from the jury; that after a decision on such motion, the court can not, over the objection of plaintiff, rightfully allow the defendant to offer evidence to contradict what he has deliberately admitted by his motion. Also that only for cause shown the court may permit the defendant to abandon the position he deliberately chose to occupy when he made such motion. *Hartford City, etc., Co.* v. *Love*, 125 Ind. 275.

That in such case, if the defendant, after an adverse ruling on his motion, without objection on the part of the plaintiff, introduces evidence, there is a waiver by both parties; that when the defendant introduces evidence, he recedes from his motion, and he waives any error based on such ruling. And, finally, it is urged that the exceptions reserved to the introduction of evidence, which were thus voluntarily and constructively waived by making such motion, could not be revived by implication on the abandonment or withdrawal of such motion.

The position of counsel is, in the main, correct, but the court is not prepared to go to the full extent of the foregoing propositions in their application to the question under consideration. It is undoubtedly true that the defendant must stand on such motion in order to predicate error on an adverse ruling thereon.

In this case, we are of the opinion that the construct-

ive admission of the truth of the facts established by appellee's evidence, and the implied waiver of the objections and exceptions previously taken and reserved, should be held to have been made for the purposes of the motion only, and that the subsequent introduction of evidence by appellant, under leave of court, operated by necessary implication as a withdrawal of such motion, and of the exception reserved to the ruling thereon, and that the making of such motion does not, under the circumstances, deprive appellant of the right to question, on this appeal, the correctness of such rulings in relation to the introduction of evidence by appellee. See sections 2267 and 2270, Thompson on Trials.

We proceed, therefore, to inquire whether there was any available error in the rulings of the trial court hereinbefore mentioned. It was not improper to show the physical condition of the mother in connection with her act and instructions in sending the boy across the street. Her condition was not a matter of prime importance, and the trial court should always exercise a sound discretion in relation to the admission of evidence in support of such incidental matters. The evidence was proper, as we have indicated, as one of the circumstances which the jury had the right to consider, in connection with all the other facts, in determining whether the mother was in fault on the occasion in question.

The testimony of the witness Haag, on the question as to whether the boy was in the habit of playing on the street was negative in character. He testified that he had not observed the boy playing on the street. If it was conceded that his testimony was immaterial, it was, in our opinion, harmless. The age, habits, intelligence, and capacity of the boy were proper subjects of inquiry, so far as they were entered upon in this case, as circumstances bearing on the question of the mother's negli-

gence. The jury were required to determine whether the mother, in sending him across the street, was in the exercise of such ordinary care as should have been exercised by a prudent person under the circumstances. Whether she was guilty of negligence on this occasion that contributed, as a proximate cause, to the accident, was a question of fact to be determined by the jury, taking into consideration, with all the other circumstances, the habits, character, experience, age and capacity of the boy.

The declarations of the boy, heretofore mentioned, were not made in the presence of the transaction. *Louisville, etc., R. R. Co.* v. *Berry, supra*.

The transaction can not be varied, qualified or explained by a declaration in the nature of the narrative of a past occurrence. *Parker* v. *State*, 136 Ind. 284.

In this case the declarations were made about ten minutes after the accident, in a conversation with the physician in the ambulance while the boy was being conveyed to the hospital. The statement made by him was in relation to a matter which, on the trial, was a material controverted question.

Appellee's theory on the trial was, that at the time of the accident the street, at this point, was clear and unobstructed; that the boy, in the performance of the errand for his mother, was attempting to cross the street in front of the mules; that the boy, as well as his mother, was in the exercise of due care; that by the exercise of ordinary care the driver could have seen the boy in time to have avoided the accident, and that the driver negligently drove onto and over the boy and knocked him down and ran over him with the car.

Appellant's theory was that the boy was hanging on to the hind end of a sprinkling cart coming from the opposite direction; that, as he met the street car, he jumped

or fell off the cart between the mules and street car and was run over by accident, without fault on the part of the driver.

The declarations of the boy in question, in our opinion, were not admissible as part of the *res gestæ*, and for error in admitting them the judgment should be reversed.

It is also insisted that the complaint must be drawn upon one definite theory, and that the pleader must be bound by that theory at every stage of the case. Elliott's App. Proced., chap. 24; *Feder* v. *Field*, 117 Ind. 386 (391).

It is further contended that under the averments in the complaint, the boy is shown, as a matter of law, to be *non sui juris*, and, therefore, chargeable with the parent's negligence and not chargeable with his own negligence. Continuing, counsel argue that the court, in the instructions, submitted the issue to the jury as to whether or not the child was *sui juris;* that is, able to exercise some degree of care in the street.

We have heretofore expressed our opinion in relation to these averments, and, as the case will have to be reversed, it is not necessary to examine the objections urged to the instruction, farther than to say that in the reading of the instructions, when construed together as an entirety, in the light of the evidence, it did not occur to us that the appellant had any just cause for complaint. In this connection it is proper to observe, that the general rule, as we understand it, is that when a parent sues for his own benefit to recover damages for the technical loss of service caused to him by injury to the child, the contributory negligence on the part of either the parent or child, unless the child is exceedingly young, will preclude a recovery by the parent. Section 71, Shear. and Redf. Negl.; *Terre Haute Street R. W. Co.* v. *Tappenbeck, supra.*

The child, in such case, if he has any capacity, can be expected to use discretion only in respect to his years. In other words, like a child, he must be judged. *Indianapolis, etc., R. W. Co.* v. *Pitzer, supra.*

It is, therefore, in such action, always safe, and as a general rule, except where the child is of tender years, is in fact necessary, to show that the child, as well as the parent, was free from fault contributing to the injury. It does not follow of necessity, of course, because the child, in such case, does the act which is the proximate cause of the injury that the child was in fault.   What may be an act of negligence on the part of a person who has reached the age of discretion may not constitute contributory negligence on the part of a child.   If a child, in such case, exercise that degree of care which a child of ordinary prudence of that age ought to exercise under similar circumstances, such child is not guilty of contributory negligence.   The boy, in this case, was, as we have seen, under the authorities cited, incapable of contributory negligence.   The writer, as before indicated, doubts whether this conclusive legal presumption, if it is to be held applicable to all cases where the child is not over seven years of age, is founded in sound reason.   Should we concede, however, that all children seven years of age, and under, are incapable of contributory negligence, it must be admitted, we think, in the light of the general experience and common observation of mankind, that the age, intelligence and experience of a child, although the child may be *non sui juris*, should be considered, at least in cases similar to the one in hand, in determining the question as to whether the parents were in fault.   It is a matter of universal knowledge that the average child five years of age has more capacity than the average child two years of age.   Children seven years of age have greater capacity than chil-

dren five years of age. A mother with three children of the different ages indicated might be negligent in sending the youngest into or across a street on which a street railroad was operated, where she would not be for sending the eldest.

In conclusion, the complaint is not subject to the attack made thereon. A new trial will have to be granted for error in admitting the declarations of the boy in evidence. Therefore it is not necessary to consider any other questions discussed by counsel further than has been done in the observations hereinbefore made in relation thereto, as they may not arise on another trial.

Judgment reversed, with instruction to grant a new trial.

Filed May 29, 1894.