Davis, J.
This was an action by appellee to recover damages for the death of his minor son, occurring while in appellant’s service as brakeman. A demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action, was overruled. On this ruling arises the first question presented for our consideration. The negligence alleged as the basis of the action is that i!said defendant had carelessly and negligently permitted its right of way and its railway track to become in a dangerous condition in this, to wit: That the iron rails upon which the wheels of the cars rest or run were spiked to wooden ties, which wooden ties were loosely and carelessly laid on top of the ground with no dirt or gravel lying in between said ties; that'said ties were irregularly laid, so that in some places the ties were wide apart and in others close together; that said ties were not laid parallel, but on the contrary were laid obliquely, so that at one end they would be some two or three inches apart. That said track had-been recently *403 on said day raised and left temporarily in said condition; that by reason of the negligence and carelessness aforesaid of this defendant the track at said point was in an unsafe and dangerous condition, which fact was wholly unknown to plaintiff’s son, the said William 0. Sloan, and to plaintiff, but* was well known to the defendant.”
In order to state a good cause of action in this case, it is necessary to show by proper averments that the alleged defective and dangerous condition of the track at the place where the decedent was injured was the result of an act of negligence on the part of the appellant in constructing, changing, repairing or altering the track; or if appellant was not originally responsible for creating the alleged defective and dangerous condition, that the track afterwards became defective and unsafe, and that appellant knew of such defective and dangerous condition a sufficient length of time prior to the accident to have repaired the same in the exercise of reasonable diligence, or that it was defective and dangerous for such a length of time prior to the accident that appellant, in the exercise of reasonable care, should have discovered and repaired it. Evansville, etc., R. R. Co. v. Duel, 134 Ind. 156; Town of Monticello v. Kennard, 7 Ind. App. 135; Board, etc., v. Stock, 11 Ind. App. 167; Lake Shore, etc., R. W. Co. v. Stupak, 123 Ind. 210.
It will be observed that there is no allegation in the complaint that the alleged defective and dangerous condition of the track was the result of any act of appellant. The only allegation indicating the manner in which this defective and dangerous condition was created is the charge that the track had been recently on said day raised and left temporarily in said condition. It is not alleged, however, that the defective and dangerous condition was the result of raising the track. Neither is it *404 alleged that appellant raised the track. In the absence of such averments, the court can not infer that the appellant raised the track on'the day the decedent received the injuries which caused his death.
If appellant negligently placed the track in such defective and dangerous condition, it was not necessary to aver that appellant had notice thereof. If appellant did not do the act which caused the defective and dangerous condition of the track, then it was necessary to aver notice. It is alleged that appellant had notice of the dé-' fective and dangerous condition, but it is not shown that appellant had such notice, either actual or constructive, a sufficient length of time prior to the accident to have repaired the same in the exercise of reasonable care. Neither is it shown that such defective and dangerous condition of the track existed for such length of time prior to. the accident that appellant, in the exercise of reasonable care, should have discovered and repaired it. If it appeared by any proper averment that appellant was responsible for the act that created the alleged defective and dangerous condition of the track, the general allegation of negligence in relation thereto, in connection with the other averments', would be a sufficient charge of negligence against appellant in the complaint.
A railroad company has the right to make necessary changes or repairs in its track, but in making such changes or repairs it is required, in the discharge of its duty to its employes, to use reasonable care to provide and maintain the same in reasonably safe condition for the performance of the duties required of its employes. In making such changes or repairs in its track, the railroad company may not be able at all times, and under all circumstances, by the exercise of reasonable care, to keep every part of the work in its usual and proper condition, but it ordinarily would be negligence to leave *405 such work at any time in an unfinished condition longer than would be required, under the circumstances, in the exercise of reasonable care and diligence, to complete the necessary change or repairs.
On the question of contributory negligence, the complaint is sufficient. It is alleged that the unsafe and dangerous condition was unknown to said decedent, and also that his injuries were received without any fault or negligence on his part. He had the right to assume that the track at the point where he attempted to couple the cars was in a reasonably safe condition, and the fact that he might on examination, with the aid of his lantern— although the complaint does not disclose that he had a lantern—have discovered the defective and dangerous condition of the track before he stepped thereon between the cars, is not sufficient to charge him, as a matter of law, with contributory negligence. It is true the brakeman was required to exercise ordinary care, and to use his senses in the performance of his duties, but under the circumstances disclosed, and in the light of the averments that he was without fault, and that he had no notice of the unsafe and dangerous condition of the track, the court can not say the complaint shows that he was guilty of contributory negligence on the occasion when he was injured.
On trial by a jury, a special verdict was returned in favor of appellee, on which judgment was rendered against appellant. Appellant’s motion for a new trial was overruled, and this ruling formed the basis of one of the errors assigned and discussed.
Over the objection and exception of appellant, a witness in behalf of appellee was allowed to testify as a part of the res gestas to statements made by the decedent after he had been moved to another place two hundred feet or more distant, and ten minutes at least after he was in *406 jur.ed, in relation to the manner in which the accident occurred* This was error. Citizens’ Street R. R. Co., etc., v. Stoddard, 10 Ind. App. 278; Parker v. State, 136 Ind. 284.
Filed Dec. 14, 1894.
It is not necessary to consider other questions discussed, as they may not arise on another trial.
Judgment reversed, with instructions to sustain the demurrer to the complaint, with leave to amend at cost of appellee.