## Center Township, Grant County, v. Davis.

[No. 3,122.   Filed May 10, 1900.]

Highways.—*Repairs.—Township Trustee.*—A complaint against a township for labor performed in repairing a highway, under the direction of the road supervisor of the district, which shows that the highway was out of repair, and that the trustee had knowledge that it needed improving, is sufficient, when questioned for the first time on appeal, although it is not shown on what part of the highway the work was performed, nor that any specific act was ordered by the trustee. *pp. 603-607.*

Appeal and Error.—*New Trial.*—A cause will not be reversed on specifications in a motion for a new trial that the decision of the court was not sustained by sufficient evidence and was contrary to law, where there was evidence fairly sustaining the judgment of the court and the decision was within the issues. *pp. 607, 608.*

From the Grant Circuit Court. *Affirmed.*

*H. M. Elliott* and *G. M. Elliott*, for appellant.
*R. T. St. John* and *W. H. Charles*, for appellee.

Comstock, J.—This action was brought by appellee against appellant to recover the sum of $65 alleged to be due appellee for services performed by him for appellant upon a public highway in road district number two, Center township, Grant county, Indiana. The complaint upon which the cause was tried consisted of three paragraphs, the

first and second being amended paragraphs. The cause was put at issue by general denial, tried by the court without the intervention of a jury, and a judgment rendered in favor of appellee for $68.90. The errors assigned are that the court erred: (1) In overruling appellant's demurrer to the third paragraph of the complaint; (2) that the complaint does not state facts sufficient to constitute a cause of action; (3) that the court erred in overruling appellant's motion for a new trial.

The third paragraph of the complaint is based upon a written order of the supervisor of road district number two drawn upon the trustee of Center township for thirteen days' labor with two teams for $65, which labor, it is alleged, was performed upon a highway of said township at the instance and request of the said supervisor, which order the trustee verbally accepted and promised to pay, but which he wholly failed and refused to pay. It affirmatively appears, however, that the judgment of the court was not rendered upon this paragraph, and it is therefore unnecessary to consider the first specification of error.

The second specification of error challenges the sufficiency of the complaint. The first amended paragraph of complaint alleges, in substance, that at the time thereafter named—the fall of 1895—Herman L. Davis was the supervisor of road district number two, Center township, Grant county, Indiana, and that Daniel E. Wilson was the trustee of said township; that there was a certain highway in said road district to wit, College avenue, whereon it became necessary to perform labor in repairing the same; that, the same being known to the township trustee, he directed said supervisor to perform such labor as was necessary to put the same in repair; that in pursuance of such order from the trustee, Davis, as supervisor, employed plaintiff to repair said highway, and that pursuant to such employment the plaintiff performed labor on said highway with two teams of horses, with two horses each, and drivers therefor

for thirteen days, under the direction of said supervisor, and that the work and labor was of the value of $2.50 per day for each of said teams and drivers, making an aggregate of $65, for which the township became indebted to him in said sum.   It further alleges that when the work had been completed, the supervisor accepted the same, and executed to the plaintiff a written order to the said trustee for the payment of said sum; that he presented such order to the trustee, and demanded payment thereof, but the trustee refused, and still refuses, to pay, and that the debt is due, and wholly unpaid.

Counsel for appellant claim that this paragraph is defective for the following reasons:  It does not allege that the highway in question, at or before the time of the work alleged to have been done thereon, was out of repair, nor that the trustee had knowledge that it was in need of improvement.   It does not show that all the persons liable for work in that road district had been called out by the supervisor during the year to work on the highways therein; nor that all such work had been performed upon the highways in that district which should have been performed by the persons whose duty it was to work thereon; nor that all the commutation money that had been collected by the supervisor of the district had been expended on the highways of his district; nor that there were no road funds on hand with which to make repairs on said road; that it fails to allege that the supervisor was unable to have said work done out of commutation money he might have in his hands, or which he might collect from persons who had not worked out their statutory time on the highways; that it fails to allege that the supervisor was unable to call out persons and secure the performance of such labor by the citizens of the road district, as he was in law bound to do; that it does not state facts showing the condition of the highway, nor state facts showing on what part of said highway the labor was performed, or that the plaintiff performed any specified work ordered by the trustee.

The reading of this paragraph as above set out shows, though not in direct terms, that the highway was out of repair, and that the trustee had knowledge that it needed improvement. It does not show on what part of the highway the work was performed, nor that any specific act was ordered by the trustee. A motion to make the complaint more specific would have called the attention of the court to these alleged defects. Its sufficiency is questioned for the first time in this court. All intendments are taken in favor of the pleader when challenged for the first time in an appellate court, and its defects, if any, such as might be supplied by proof, are cured by the judgment. *Citizens Street R. Co.* v. *Stoddard*, 10 Ind. App. 278.

The other objections to the complaint are based upon §§6818, 6819, 6822, 6824, 6828, 6829, 6843, 6844, 6851 Burns 1894, relating respectively to the oath, duties, etc., of supervisors, designating who shall be required to work on highways; providing for notice by the supervisor to each person in his road district liable to work on the highways; providing for commutation money, and how the same may be used; providing for repairs on the highway, and how they shall be made, for the disbursement of the road fund, for the supervisor's report, and for the disposition of unexpended funds. Section 6834 Burns 1894, providing for the collection of road tax, and §6835 Burns 1894, are also referred to. The section last named provides that: "Such trustee shall order the expenditure of such tax in the improvement of the highways thereof, under such regulations as he may deem expedient for the public interest and for this purpose shall pay such sum, on the order of the supervisors of the township, for work done by them under the direction of the trustee; said order or orders drawn upon the trustee shall distinctly state the services performed by the person or persons to whom said order is given." The foregoing objections are not well taken. Appellee alleges the performance of neces-

sary work upon a public highway of the township under the authority and direction of the proper officer, and the knowledge of the township trustee of the want of repair of the road, and his authorization of the work in words sufficiently definite to bar another action for the same cause. It alleges that he procured from the supervisors the order on the trustee authorized by §6835, *supra,* of the statute, which was the evidence to the trustee of the performance of the work. These allegations were sufficient to put appellant upon its defense. If there were elements of fraud or improper conduct upon the part of the supervisor or the appellee, they were matters of defense. This specification of error is addressed to the entire complaint. It must, therefore, be sustained as to each paragraph, or fail as to all. Holding the first paragraph sufficient, it is not necessary to consider the second.

The third and last specification of error is the action of the court in overruling appellant's motion for a new trial. The motion for a new trial sets out four reasons. The first and second reasons are upon the ground that the damages assessed were too large. The judgment was for $68.90. Evidence uncontradicted shows that appellee worked thirteen days with two teams, for which he was to be paid, by agreement with the supervisor, $5 per day. There was evidence that the services rendered were worth $5 per day. The work was performed in September, 1895. Suit commenced in March, 1897; judgment rendered in January, 1898. The court evidently allowed one year's interest on the claim at the rate of six per cent. The judgment was not excessive.

The third reason for a new trial is that the decision of the court is not sustained by sufficient evidence; the fourth, that the decision of the court is contrary to law. As to these reasons, it is only necessary to say that an examination of the record discloses that there was evidence fairly sustaining the judgment of the court, and, being within the issues, it is not contrary to law.

Counsel for appellant very ably discuss the evidence, claiming that its preponderance is against appellee. Appellate courts, as has often been said, can not weigh the. evidence, and must accept the judgment of the trial court when the. evidence fairly tends to support it. Finding no error for which the judgment should be reversed, it is affirmed.