JOHN W. PECK *vs.* THE RHODE ISLAND COMPANY.

JUNE 13, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Driving in Car Track.   Ordinary Care.   Contributory Negligence in Law.*
Plaintiff, who was driving in the car track in the evening, claimed that he

knew nothing of the existence of the track, owing to fog or of the approach of the car until he saw its head light too late to avoid the accident. It also appeared in evidence that there were lights along the road which must have lighted the track sufficiently to have attracted the attention of an ordinarily careful man. Plaintiff admitted that he drove over the same road in the morning, but did not observe the track:—

*Held,* that upon the principle that plaintiff saw what he might have seen if he had looked, it would be assumed that he had knowledge of the existence of the track.

*Held,* further, that plaintiff not being required to leave the ordinarily travelled part of the road, but choosing to drive along the track, was required to exercise the degree of care commensurate with the danger to be apprehended.

*Held,* further, that plaintiff was guilty of contributory negligence as matter of law.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiff and overruled.

DUBOIS, C. J. This is an action of trespass on the case for negligence, brought in the Superior Court for damages resulting from the head-on collision of an electric car of the defendant company with the horse and wagon of the plaintiff, in the evening of October 31st, 1905, on Pawtucket avenue, in the town of East Providence. The negligence complained of was that the defendant operated its car at an immoderate rate of speed and also neglected to give warning of its approach by sounding its gong. The plaintiff, who was driving his horse at the time of the accident, testified, at the jury trial of the case in the Superior Court, that it was foggy at the time and that although he was driving in the car track he did not know of its existence and knew nothing of the approach of the car until its headlight appeared one hundred and twenty-five to one hundred and thirty feet away when he attempted to turn out of the way, but was unable to do so in time to avoid being struck. He also testified that he drove over the same road in the morning of that day but did not observe that there was any car track thereon. At the conclusion of the testimony the justice presiding at the trial, in the following language directed the jury to return a verdict for the defendant: "The plaintiff drove along this very road in Pawtucket in the morning, in

broad daylight, and must have known that the car track was on the highway, although he says he didn't. It is almost inconceivable that a man could drive along a road with an electric car track on the road in plain sight and not know. On his way home he says it was dark and he drove along the right hand side upon this track, in such a condition that, as he says, he couldn't see a car, with a fog there—although persons at the railroad crossing, several hundred feet further from the car than he was, looked right by him some seven or eight hundred, or a thousand feet, and could see the headlight in this car. He says he was utterly oblivious of the fact that the car track was there. He says he was paying attention in order to avoid colliding with some other vehicle, disregarding the car track entirely, wasn't looking for any car or light or any sound.

"Now the law is that a person traveling upon the railroad track must pay some attention to his own safety, must look ahead for a light, look and listen for the sound of the bell. The circumstances are quite different from what it would have been if the car had run up to him, maybe from behind; on a track like that he could see that car with this headlight more easily than the motorman could see him without any light, on his team.

"Gentlemen, I consider this a case of contributory negligence, the plaintiff was paying no attention whatever, as he says himself, was entirely oblivious to the fact that the car was there, wasn't looking for a light or listening for a bell or any sound on that car until the car got so close to him that the motorman wasn't able to check the speed of the car; hence the collision occurred.

"If you should render a verdict for the plaintiff in this case, I should consider it my duty to set it aside; therefore you may return a verdict now for the defendant."

To this ruling the plaintiff excepted, and the case is now before this court for consideration upon the plaintiff's bill of exceptions upon the grounds that the verdict is against the law and the evidence.

(1)     We are unable to perceive any error in this direction of the court.  As was said by this court, speaking through Mr. Justice Rogers, in *Beerman* v. *Union R. R. Co.*, 24 R. I. 275, 279: " A railroad track, whether steam or electric, is a place of danger, and a person crossing it, whether on foot or in a vehicle, must exercise ordinary care for his own safety to exonerate him from the charge of contributory negligence, and what is ordinary care under one set of circumstances might amount to negligence under a different set of circumstances.  Ordinary care is such care as a person of ordinary prudence exercises under the circumstances of the danger to be apprehended.  The greater the danger the higher the degree of care required to constitute ordinary care, the absence of which is negligence. It is a question of degree only.  The kind of care is precisely the same.  *Young* v. *Citizens St. R. R. Co.* 148 Ind. 54, 58; *Prue* v. *N. Y., P. & B. R. R. Co.*, 18 R. I. 360, 369." A person who chooses to drive upon and along a railroad track simply for his own convenience and not because of any condition of the road or the use of the same by the vehicles thereon that requires him to leave the ordinarily traveled part thereof acquires no right of way by so doing that is superior to that of the railroad company owning such track.  He must constantly bear in mind that it is a place of danger and be prepared to exercise diligence to prevent collision with cars thereon.  As to his claim that he did not see the track and did not know that it was there, this cannot avail him as an excuse for as was said in *Cones* v. *Cincinnati, etc. Ry. Co.*, 114 Ind. 328, 330: " The law will assume that he actually saw what he could have seen, if he had looked, and heard what he could have heard, if he had listened."

The law, therefore, assumes that he had knowledge of the existence of the track.  In addition, it appeared in evidence that there were incandescent electric street lights at intervals along the road which must have lighted the track sufficiently to attract the attention of an ordinarily careful and prudent man.  In these circumstances the court was justified in directing the jury to return a verdict for the defendant; as we said

in *Nicholas* v. *Peck*, 20 R. I. 533, "Though ordinarily the question of contributory negligence is for the jury, we think the plaintiff's negligence is sufficiently clear for the court to hold that he was negligent as a matter of law.

The plaintiff's exceptions are therefore overruled and the case is remitted to the Superior Court, with direction to enter judgment on the verdict.

*John P. Beagan,* for plaintiff.

*Joseph C. Sweeney, Alonzo R. Williams,* for defendant.